Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000046
06-DEC-2018
09:31 AM

NO. CAAP-18-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CRAIG A. GOMES, Claimant-Appellant/Appellant,
v.
HAWAIIAN ELECTRIC CO., INC.,
Employer-Appellee/Appellee,
and
ADMINISTRATOR, DISABILITY COMPENSATION DIVISION,
and DIRECTOR, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
APPEALS BOARD, Appellees-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 17-1-1327)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over the appeal by Claimant/Appellant/Appellant Craig A. Gomes (Gomes), pro se, from the Honorable Keith K. Hiraoka's two December 26, 2017 orders of dismissal in Civil No. 17-1-1327-08, because the circuit court has not yet adjudicated all of the substantive issues and entered a corresponding appealable final judgment.

After a party such as Gomes participates in an administrative appellate case in a circuit court under Hawaii Revised Statutes (HRS) § 91-14(b) (2012 & Supp. 2017), the "[r]eview of any final judgment of the circuit court or, if

applicable, the environmental court, under this chapter shall be governed by chapter 602." HRS § 91-15 (2012 & Supp. 2017). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). "Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (2016). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (2016). In a civil circuit court case, Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Consequently, under HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), an aggrieved party may appeal from a civil circuit court case pursuant to HRS § 641-1(a) only after the circuit court reduces its dispositive rulings to a separate judgment. Similarly, HRCP Rule 72(k)[1] requires that, upon a circuit court's determination of an administrative appeal, "the court having jurisdiction shall enter judgment." Consequently, the separate judgment document rule also applies to an administrative appeal before a circuit court. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Under the separate judgment document rule, "an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

(2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). In the absence of a separate judgment document, the two December 26, 2017 orders of dismissal are not yet eligible for appellate review, and we lack appellate jurisdiction.

Pursuant to HRS § 602-57(3) (2016) and the holding in Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 204, 398 P.3d 786, 793 (2017), this court entered a June 27, 2018 order temporarily remanding this case to the circuit court with instructions for the circuit court to enter either (a) an appealable final judgment that resolves all claims as to all parties or (b) a written order explaining why it is not possible or appropriate for the circuit court to do so. On June 28, 2018, the circuit court entered an order explaining that it is not yet appropriate for the circuit court to enter an appealable final judgment in Civil No. 17-1-1327-08, because a cause of action by Gomes for declaratory relief under HRS § 91-7 (2012 & Supp. 2017) is still unresolved and pending before the circuit court.

Without a final judgment, we currently lack appellate jurisdiction under HRS § 91-15, HRS § 602-57(1), HRS § 641-1(a), HRCP Rule 72(k) and the holdings in Raquinio and Jenkins. After the circuit court adjudicates Gomes's remaining cause of action for declaratory relief in Civil No. 17-1-1327-08, Gomes will be entitled to appellate review of the two December 26, 2017 orders of dismissal by way of a timely appeal from the circuit court's future final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted). Gomes's current appeal is premature.

3

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000046 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000046 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, December 6, 2018.

Chief Judge

Associate Judge

Associate Judge

4